**Isabella FITZGERALD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90–2829.**

United States District Court, E.D. Pennsylvania.

April 24, 1992.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Plaintiff, Isabella Fitzgerald, brought this action seeking a refund of tax penalties imposed pursuant to section 6672 of the Internal Revenue Code. 26 U.S.C. § 6672. Plaintiff was assessed and paid a penalty tax of $5872.09 plus interest charges amounting to $1,272.11. She was assessed this penalty tax in connection with her job at the North Philadelphia Block Development Corporation (the "Corporation"). The Internal Revenue Service maintained that Plaintiff was one of the persons responsible for the failure of the Corporation to pay trust fund taxes withheld from employees for the periods ending December 31, 1980 and March 31, 1981. Plaintiff filed this action for a refund of the penalty assessment after exhausting her administrative remedies. In April of 1991, the United States decided to concede the case and agreed to a stipulation of an entry of judgment against it. This stipulation was filed on October 2, 1991. Presently before this Court is Plaintiff's Motion for Attorney's Fees filed pursuant to section 7430 of the Internal Revenue Code. After careful consideration of the parties' memoranda and a hearing on said motion, I will grant in part Plaintiff's Motion for Attorney's Fees.

Section 6672 of the Internal Revenue Code insures the Treasury against loss by imposing personal liability on persons whose control over the financial affairs of a business entity requires them to collect

and pay over taxes withheld from third parties. *Quattrone Accountants, Inc. v. Internal Revenue Service,* 895 F.2d 921 (3d Cir.1990). Section 6672 provides that "[a]ny person required to collect ... and pay over any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672. Internal Revenue Code section 7430 provides that:

> (a) In general. In the case of any civil proceeding which is
>
> (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and
>
> (2) brought in a court of the United States (including the Tax Court), the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

26 U.S.C. § 7430(a). Congress has given the court discretion in awarding attorney's fees and costs to a prevailing party in a tax refund action. The first step is to determine whether the plaintiff is a prevailing party. This term is defined in section 7430(c)(4)(A) of the Internal Revenue Code which states that a "prevailing party" is a party which:

> (i) establishes that the position of the United States in the proceeding was not substantially justified,
>
> (ii) which
>
> (I) has substantially prevailed with respect to the amount in controversy, or
>
> (II) has substantially prevailed with respect to the most significant issues or set of issues presented....

26 U.S.C. § 7430(c)(4)(A). The United States concedes that Plaintiff has substantially prevailed with respect to amount in controversy. The issue presented before me is whether the position of the United States in the instant case was unreasonable or not "substantially justified." *Rickel v. Commissioner of Internal Revenue,* 900 F.2d 655, 665 (3d Cir.1990). Plaintiff has the burden of establishing that the position

of the United States was not substantially justified.

Plaintiff was hired in 1979 as a fiscal clerk for the Corporation. The Corporation was involved in the insulating and weatherstripping of various homes of the poor in North Philadelphia through a grant which Milton Street, then a state senator, obtained from the Commonwealth of Pennsylvania. This program lasted about 15 months. Plaintiff was assessed the penalty tax in 1986 in connection with her employment at the Corporation during the program period. Her responsibilities as a fiscal clerk included keeping track of workers' time and materials used and filing out reports to the supervising state agencies. She was paid $4.29 per hour. Plaintiff maintains that she was not responsible for the filing of corporate tax returns nor did she know anything about them. Plaintiff claims she never signed any checks for the Corporation and did not profit from anything the Corporation did. A. Yvonne Street was the executive director of the Corporation until her resignation in December of 1981. Plaintiff then obtained the title of "executive director" on December 12, 1981. As executive director, Plaintiff received no new responsibilities, no pay increase and no authority. She continued doing her clerical job. Plaintiff was executive director of the Corporation for a period of only two weeks before the Corporation's demise due to the program's expiration on December 31, 1981.

■ The United States argues that its position was substantially justified since: (1) Plaintiff was the executive director of the Corporation; (2) Plaintiff had check signing authority because her signature appeared on the Bank's signature cards; and (3) Plaintiff had close loyalty ties to Mr. Street. The primary basis for the assessment against Plaintiff was a newspaper article which named her as executive director of the Corporation. The report of the Revenue Officer who recommended that Plaintiff be assessed the penalty tax stated "[s]ee newspaper article, which clearly defines the authority that this person had in the corporation." However,

Plaintiff was only executive director of the Corporation for two weeks. Moreover, all Plaintiff acquired was the mere title of "executive director" since none of her responsibilities changed and she did not even receive a pay increase. As a result of Plaintiff's deposition which was taken as late as February of 1991, the United States conceded its case based upon lack of evidence. At this deposition, Plaintiff disclosed the same information that she had been telling the government during the administrative proceedings. It was unreasonable that the government continued this case against a woman who had no real authority in the organization. Plaintiff was a low-level clerk for the Corporation who earned $4.29 an hour. If the government had been diligent in their investigation of Plaintiff or had not lost Plaintiff's administrative file, this case would not have proceeded against Plaintiff or would have at least been conceded long before her deposition which would have saved Plaintiff much time and expense in defending her position.

I find that Plaintiff has sufficiently established that the position of the United States was not substantially justified. The approach of the Internal Revenue Service in this case was unreasonable. Thus, Plaintiff is entitled to reasonable attorney's fees under section 7430 of the Internal Revenue Code. Accordingly, I will grant Plaintiff's application for attorney's fees however not in the amount requested by Plaintiff. Pursuant to section 7430(c)(1)(B)(iii) of the Internal Revenue Code, the award of fees will be based on a rate of $75.00 per hour since I fail to recognize any factor that justifies a higher rate. After reviewing Plaintiff's memorandum of time spent on the case which accompanied her motion for attorney's fees, I find that Plaintiff shall be reimbursed reasonable attorney's fees for services of 60 hours.