Berniece AWMILLER, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 91–35913.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 1993.*

Decided August 5, 1993.

Thomas F. Kelly, Kirkland, WA, for plaintiff-appellant.

Bridget M. Rowan, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before FARRIS, FERGUSON and D.W. NELSON, Circuit Judges.

FARRIS, Circuit Judge:

Berniece Awmiller appeals from the district court's denial of her request for attorney's fees under 26 U.S.C. § 7430. We have jurisdiction over the timely appeal pursuant to 26 U.S.C. § 7430(e) and 28 U.S.C. § 1291. We affirm.

 The sole issue is whether the position of the United States in Awmiller's tax refund suit was "substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i). The phrase "substantially justified" means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Huffman v. Commissioner,* 978 F.2d 1139, 1147 (9th Cir.1992). We review the district court's determination of whether the government's position was "substantially justified" for an abuse of discretion. *Bertolino v. Commissioner,* 930 F.2d 759, 761 (1991).

 Awmiller argues that the government was not substantially justified in pursuing this litigation because it could not show that she was a person responsible for the payment of withheld payroll taxes under Title

---

* The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

26, United States Code, Section 6672. We reject the argument.

Although Awmiller ultimately prevailed at trial, a reasonable person could have found that Awmiller was responsible for the payment of withheld federal payroll taxes. She was Comptroller of the corporation, had co-signatory authority over the corporate checking accounts, and signed a $100,000 promissory note on behalf of the corporation. The government's primary witness, a former president of the corporation, testified that Awmiller had complete control over the payment of creditors.

The district court found that paperwork accessible to the Government and the witnesses accessible to the Government, as well as the mode of operations of the business, made it reasonable to believe that Awmiller had the power to determine whether government withholding taxes would be paid or not. Until the witnesses testified, and one appeared more credible than the other, one could have reasonably predicted that either side would prevail. The court remarked: "I thought that had Ms. Awmiller been less credible and [the Government's star witness] been more credible, the case could have gone the other way, and would have gone the other way.... One never knows until one watches it happen in front of the jury just how bad one's star witness is going to be."

The district court did not abuse its discretion in finding that the government's position was substantially justified.

**AFFIRMED.**

FERGUSON, Circuit Judge, dissenting:

Berniece Awmiller, a widow and grandmother with a high school education, was hired as a bookkeeper by Diamond E Enterprises, a salmon fishing and canning business. She had no independent authority to direct tax payments or any other payments for the company. As bookkeeper, her principal duty was to monitor the inventory of the fish catch. She was later given the title of "comptroller," but was not given any additional responsibilities or any increase in salary. See Fitzgerald v. United States, 789 F.Supp. 177, 179 (E.D.Pa.1992) (IRS acted

unreasonably in relying on a change of title that did not actually alter responsibility or salary). She did not prepare payroll checks and was not involved in payroll accounting. All checks she signed in payment of Diamond E's bills were at the direction of her boss, who had already signed the check.

The Internal Revenue Service made an assessment against Awmiller for $363,740.95 based on its belief that she was a responsible person, under 26 U.S.C. § 6672, for Diamond E's failure to pay federal withholding taxes. The IRS seized all of Awmiller's assets and placed a lien on her house. After Awmiller's retirement in 1987, she lived on her social security benefits alone.

The government's case turned exclusively on a few pieces of equivocal documentary evidence and on the testimony of Alf Nelson, a former president of Diamond E. I believe that the documentary evidence was enough for the IRS to have a reasonable basis in fact and law to begin an investigation of whether Awmiller was a responsible person.

The government's responsibility does not end there, however. It must conduct reasonable further investigation before trial. See, e.g., Rutana v. Commissioner, 88 T.C. 1329, 1335, 1987 WL 49330 (1987). After reasonable investigation, the government should have realized it could not, or at least would not, present a credible case against Awmiller. The documentary evidence alone was insufficient to form a reasonable basis for the government's case; the government's case rested almost entirely upon Nelson's testimony.

The district court found that Nelson, "[t]he Government's star witness, ... was a terrible witness." The government has an obligation before forcing a trial to investigate its star witness. It is unrealistic to contend that the government was acting reasonably when it claimed that it didn't know what the impact of Nelson's testimony on a jury would be.

The district court, although "not very happy with [the] result," found that the government was substantially justified in continuing its case against Awmiller. The government had acted reasonably, the district court found, because it could not have predicted

**932**

that Nelson's testimony would turn out to be so incredible. I disagree.

This case does not involve a witness who happened to be unconvincing at trial. Not only was Nelson's testimony and demeanor predictably unconvincing at trial, it was obvious before trial that he would appear to the jury to be an extremely *biased* witness. The government was unreasonable in proceeding despite this fundamental weakness in the linch-pin of its case. Nelson's bias arose from an outstanding default judgment of $142,000 that was based on his failure to pay the same withholding taxes allegedly owed by Awmiller. Recovery against Awmiller would have directly lessened Nelson's own liability. Moreover, the IRS had apparently not undertaken any collection action against Nelson in the nearly three years since entry of the default judgment against him. This would have led any reasonable person to be skeptical of Nelson's impartiality in testifying on behalf of the IRS. *Cf. United States v. Estridge,* 797 F.2d 1454 (8th Cir.1986) (per curiam) (upholding district court's "thoughtful" and "well-reasoned opinion" finding the government not substantially justified—and therefore awarding the plaintiff attorney's fees—in large part because the government "gave unwarranted credence to obviously biased witnesses.").

Any reasonable person would have realized that the government's case against Awmiller was fatally flawed. It is obvious that she was a victim who suffered at the hands of her employer assisted by agents of the Internal Revenue Service. I find the district court abused its discretion in denying Awmiller reasonable attorney's fees. I therefore respectfully dissent.