76 F.3d 386
 77 A.F.T.R.2d 96-935, 96-1 USTC P 50,129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST INTERSTATE BANK OF CALIFORNIA, a California banking
corporation, Plaintiff,
v.
PUREWELL INVESTMENT, INC. Defendant.
UNITED STATES of America, Counter-Defendant-Appellant,
v.
CHAMBERLAIN INVESTMENT LTD, Cross-claim-defendant-Appellee.
 No. 94-15821.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1995.*
Decided Jan. 26, 1996.
 
 Before: ALDISERT**, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This appeal by the government, through the Internal Revenue Service, requires us to decide whether the district court properly exercised its discretion in granting appellee Chamberlain Investment Ltd.'s motion for costs and attorney's fees requested under the Internal Revenue Code, 26 U.S.C. § 7430, which allows the recovery of reasonable litigation costs by a prevailing party in a tax case. If we agree with the district court on the allowance of fees, we must then decide if the award was excessive. We conclude that there was no improper exercise of discretion and will affirm the judgment.
 
 
 3
 The district court had jurisdiction pursuant to 26 U.S.C. § 7609(h). We have jurisdiction under 26 U.S.C. § 7609(h) and 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure.
 
 
 4
 The decision whether to award fees is reviewed for an abuse of discretion. United States v. 87 Skyline Terrace, 26 F.3d 923, 927 (9th Cir.1994). Accordingly, this standard also governs review of the court's determination of whether the IRS's position was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 557-563 (1988) (requiring abuse of discretion review on this point for the analogous EAJA "substantially justified" standard); Awmiller v. United States, 1 F.3d 930 (9th Cir.1993). Likewise, the amount of fees is reviewed for an abuse of discretion. Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir.1990). A district court abuses its discretion when its decision is based on an erroneous conclusion of law or when the record contains no evidence on which it rationally could have based that decision. Williams v. Bowen, 966 F.2d 1259, 1260 (9th Cir.1992). A reversal requires a definite and firm conviction that a clear error of judgment was committed. TKB Int'l, Inc. v. United States, 995 F.2d 1460, 1468 (9th Cir.1993).
 
 I.
 
 5
 The law suit grows out of the IRS efforts to collect delinquent federal income tax assessments made against Anthony T.C. Gaw, totaling more than $28 million for the tax years 1985-1987. Gaw is the controlling shareholder of Pioneer Investments Holdings, Ltd., which has two wholly-owned Liberian subsidiaries, Ryan Investments, Ltd., and Cater Investment, Ltd. The Appellee, Chamberlain, is another Liberian corporation and a wholly-owned subsidiary of Asia Insurance Group, which, in turn, is a wholly-owned subsidiary of Asia Financial Holdings.
 
 
 6
 Gaw had the attention of both the IRS and the Office of Thrift Supervision (OTS). An IRS auditor concluded that Gaw, together with Ryan Investments and Cater Investment had acquired 28% of the stock of Golden Coin Savings & Loan Association. Similarly, an OTS investigation concluded that Gaw, directly and indirectly through the use of third parties, including Chamberlain, had acquired 35% of the stock of Golden Coin, violating the 10% limit on ownership imposed by federal regulations. In November 1991, Gaw transferred the shares he held individually to Purewell Investment, Inc. of Liberia.
 
 
 7
 In 1991, United Savings Bank made a bid to buy out the shareholders of Golden Coin. The bid of $38.48 per share was approved by OTS, and United Savings transferred the purchase price to Plaintiff First Interstate Bank of California as escrow holder for the transaction. Gaw represented Chamberlain Investment, Cater Investment, Purewell Investment of Liberia and Ryan Investments in the stock sale transaction, and made arrangements to have the sale proceeds immediately transferred by wire to a Hong Kong bank when the funds were released from escrow.
 
 
 8
 Concurrent with the sale, on April 24, 1992, the California Department of Savings and Loan issued an order prohibiting the voting of stock held by Chamberlain Investment, Cater Investment, Purewell Investments of Liberia, and Ryan Investments. The California agency determined that Gaw "directly or indirectly controls the shares owned by [those] entities," and thus was an unregistered Savings and Loan Holding Company, in violation of state law.
 
 
 9
 In May 1992, United Savings merged with Golden Coin, and Golden Coin ceased to exist. Before First Interstate disbursed the money to the shareholders, the IRS levied upon the money in satisfaction of a tax obligation owed by Gaw.
 
 
 10
 On June 26, 1992, First Interstate Bank commenced this interpleader action, naming the investment companies and the United States as defendants.
 
 
 11
 Chamberlain Investment filed a wrongful levy cross-claim against the IRS under Section 7426. The district court ordered discovery stayed until the court could determine the sufficiency of the factual foundation for the IRS position that the other claimants held the Golden Coin stock as nominees of Gaw, i.e., whether the IRS had probable cause to connect Gaw to the Golden Coin stock held by the other claimants.
 
 
 12
 At the probable cause hearing, the IRS filed the declaration of a revenue officer, supported by several exhibits, establishing that the determination to issue the nominee levy against the escrow funds earmarked for Chamberlain Investment was based largely on information he learned concerning Gaw's plan to gain control of Golden Coin by having third parties purchase or hold blocks of stock for him, coupled with the formal finding of the California Department of Savings and Loan that Gaw controlled Chamberlain Investment's shares of Gold Coin. The district court found that "the Government has produced sufficient evidence to establish probable cause to believe that the funds interpled with the Court may be property or rights to property belonging to Gaw." The district court lifted its discovery stay and allowed the parties to commence formal discovery proceedings.
 
 
 13
 After deposing two officers of Chamberlain, the IRS conceded that Appellee was not a nominee of Gaw, and released its claim on the $239,538 claimed by Chamberlain, thereby allowing that sum to be paid out of the interpleaded funds.
 
 
 14
 Chamberlain then applied for an award of litigation costs under Section 7430, on the ground that the IRS was not substantially justified in initially taking the position that Appellee was a nominee of Gaw with respect to the stock. The district court issued an order granting the motion for an award of attorney's fees and determined that the IRS's position was not "substantially justified" under I.R.C. § 7430(c)(4)(A)(i), on the ground that the IRS never possessed "substantial evidence" to support that position.
 
 
 15
 The court held that its prior ruling that the IRS had "probable cause" to connect Gaw to the stock sale proceeds did not necessarily mean that the position was also "substantially justified." The court noted that, in finding probable cause, it drew inferences from the evidence relied upon by the IRS, without the benefit of the countervailing evidence subsequently supplied by Chamberlain. The district court further held that special factors in this case justified an award exceeding the general hourly rate ceiling imposed by I.R.C. § 7430(c)(1)(B)(ii) for the services provided by Chamberlain's lead counsel, William James. The court held that an exception to the statutory cap was called for in this case, due to counsel's tax litigation experience, including cases involving liens and levies, and the law firm's association with Chamberlain's Hong Kong counsel. The court further held that these factors were necessary in order to resolve this case efficiently. Finally, the court found no evidence establishing that James' $270-per-hour charge was disproportionately high for attorneys of like stature with offices in San Francisco that are also associated with firms in Hong Kong. Accordingly, the district court awarded Chamberlain the full amount it requested.
 
 II.
 
 16
 Chamberlain sought to have its litigation costs reimbursed by the IRS under 26 U.S.C. § 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100-647, 102 Stat. 3342, § 6239(a). Section 7430 provides that a "prevailing party" may recover reasonable litigation costs. To qualify as a prevailing party, the tax litigant must establish that the position of the United States in the underlying litigation was not "substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i). The litigant must have "substantially prevailed" on either "the amount in controversy" or "the most significant issue or set of issues presented." 26 U.S.C. § 7430(c)(4)(A)(ii)(I) and (II). Finally, the litigant must also have exhausted the administrative remedies available within the Internal Revenue Service. 26 U.S.C. § 7430(b)(1). The IRS concedes that Chamberlain Investment substantially prevailed in the underlying litigation and exhausted all administrative remedies available within the IRS. The issue thus is whether the position of the United States was "substantially justified."
 
 
 17
 Congress amended Section 7430 in 1988 in part to bring its language more in line with that of the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Like Section 7430, the EAJA allows courts to award litigation costs to a prevailing party unless "the position of the United States was substantially justified." Compare 28 U.S.C. § 2412(d)(1)(A) with 26 U.S.C. § 7430(c)(4)(A)(i). Accordingly, courts may draw on their longer experience with the EAJA to construe the provisions of Section 7430.
 
 
 18
 The Court teaches that substantially justified means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person ... [and] more than merely undeserving of sanctions for frivolousness." Pierce, 487 U.S. at 565-66 (internal quotations and citations omitted). A position may be incorrect but substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566; see also Norgaard v. Commissioner, 939 F.2d 874, 881 (9th Cir.1991); Edge v. Schweiker, 814 F.2d 125, 128 (3rd Cir.1987) ("[T]he government must show a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory it propounds, and a reasonable connection between the facts alleged and the legal theory advanced.").
 
 III.
 
 19
 The IRS's burden is not met merely because it produces "some evidence" in support of its position. See Edge, 814 F.2d at 128. The determination of "substantial justification" must be based upon all the facts and circumstances surrounding the proceeding in question. Estate of Merchant v. Commissioner, 947 F.2d 1390, 1393 (9th Cir.1991). Here, it was incumbent upon the IRS to look beyond Gaw's general affairs and into his relationship with Chamberlain Investment; it had to conduct at least a minimal investigation of the alleged nominee relationship between these parties. See, e.g., Rutana v. Commissioner, 88 T.C. 1329, 1335 (1987). The reasonableness of the IRS's position should be evaluated on the basis of what the IRS should have known. Id. at 1334. The district court concluded that the IRS, after reasonable investigation, would have realized that it could not, or at least would not, establish as a matter of fact or law that Chamberlain Investment was a nominee or alter ego of Gaw. Accordingly, the award of attorney fees to Chamberlain, as a prevailing party under 26 U.S.C. § 7430, was not improper.
 
 IV.
 
 20
 The measure of reasonable attorney's fees awarded as administrative or judicial proceeding costs under Section 7430(a) is "based upon prevailing market rates for the kind or quality of services furnished" but "shall not be in excess of $75.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding justifies a higher rate." 26 U.S.C. § 7430(c)(1)(B)(iii).
 
 
 21
 The Court has held that "Congress thought that $75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be." Pierce, 487 U.S. at 572. Indeed, Section 7430 was not intended to provide full reimbursement of legal expenses, but rather was intended to provide reimbursement in reasonable part. See Dewalt v. Sullivan, 963 F.2d 27, 29, 30 (3rd Cir.1992).
 
 
 22
 A court may depart upward from the statutory rate, however, where it finds a "special factor" allowing such a departure. Although it is clear that a general expertise in tax law is not enough by itself to justify a higher rate, see Huffman v. Commissioner, 978 F.2d 1139, 1149-50 (9th Cir.1992), a court may consider whether counsel had some special expertise needed for the efficient resolution of this litigation, as well as whether there was a limited availability of qualified attorneys to handle this type of matter. The district court expressly found that both of these considerations applied here, noting that United States counsel available to Chamberlain in Hong Kong were extremely limited and none charged rates lower than those charged by Chamberlain Investment's counsel, that its attorney had a specific expertise in litigating disputes involving IRS collection procedures, and that such expertise not only substantially reduced the research time necessary to handle this case, but also contributed to its early resolution.
 
 
 23
 Although the hourly rate of $270 may seem extremely generous, and although we may not have made such an award had we decided in the first instance, it is not our province to consider the issue anew. As a reviewing court, our role is limited to deciding whether district court exceeded its bounds of permissible discretion on the basis of the record before us, particularly, the reasons set forth to support the award. Limited by our standard of review, we will not conclude that the court improperly exercised its discretion.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3