**Rudolph L. BERTOLINO, Petitioner–Appellant,**

v.

**COMMISSIONER INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 89–70505.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1991.

Decided April 16, 1991.

Jack W. Burnett, Billings, Mont., for petitioner-appellant.

Gary R. Allen, Gilbert S. Rothenberg, Janet A. Bradley, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BEEZER and NOONAN, Circuit Judges, and JONES *, District Judge.

NOONAN, Circuit Judge:

Rudolph L. Bertolino sought attorneys fees from the government under Internal Revenue Code § 7430. The Tax Court denied the request. We affirm the Tax Court.

### FACTS

Bertolino filed his federal income tax return for 1985, in which he claimed a net operating loss carryover of $38,102.42 and long term capital gain deductions. The return reported taxable income of $6,243.22 and income tax due of $482 which was offset by a general business credit. Bertolino did not file a computation of the alternative minimum tax. The Internal Revenue Service returned to Bertolino federal withholdings of $2,793.25.

Upon examination, the Service determined an increase in Bertolino's tax based on its computation of the alternative mini-

* Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

mum tax in which it treated the net operating loss as items of tax preference and disallowed the capital gains deduction.

Bertolino's counsel wrote to the Service on April 29, 1987 complaining that the Service had erroneously added to the minimum taxable income the net operating loss deduction of $38,102.42. The Service did not reply. Counsel again wrote the Service on October 6, 1987, pointing out that Bertolino's tax returns for the prior years showed the Service's error. The Service did not reply.

On November 6, 1987 the Service issued a notice of deficiency. On January 27, 1988 Bertolino petitioned the Tax Court, contesting the deficiency assessment. On March 14, 1988 the Commissioner answered, denying the taxpayer's allegations.

In the summer of 1988 an Appeals Officer of the Service conferred with counsel for Bertolino. As a result of this discussion a conference was set up for September 20, 1988 to which Bertolino brought copies of his tax returns for 1982, 1983 and 1984. The Appeals Officer stated that he would recommend filing a stipulation with the Tax Court to close out the case in favor of the taxpayer.

In December 1988 the Commissioner sent Bertolino a proposed stipulation of settlement, by which Bertolino agreed the capital gains were subject to the alternative minimum tax, resulting in a deficiency of $9,522.45 for 1985. The issue of the net carryover loss was determined in favor of Bertolino.

Bertolino then sought fees under Section 7430 which, under the Tax Reform Act of 1986, provided for the payment of "reasonable litigation costs" for "the prevailing party" in a tax case in which "the position of the United States" was "not substantially justified." 26 U.S.C. § 7430 (1986). The Tax Court denied Bertolino's request. He appeals.

## ANALYSIS

■ Bertolino argues that the position of the United States should include action by the Service prior to the filing of the answer to his petition. He cites in his favor *Sliwa*

*v. Commissioner of Internal Revenue*, 839 F.2d 602, 607 & n. 9 (9th Cir.1988). Unfortunately for him *Sliwa* was decided under a version of Section 7430 which did not define "the position of the United States." Congress defined this phrase in the Tax Reform Act of 1986:

> The term "position of the United States" includes—(A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

26 U.S.C. § 7430(c)(4) (1986). This change makes clear that the position of the United States is formed only after the District Counsel enters the picture. The actions or inactions by the Service prior to the District Counsel's involvement are irrelevant. *See, e.g., Sher v. Commissioner of Internal Revenue*, 861 F.2d 131, 134 (5th Cir. 1988) (collecting cases). Hence, we may look at the government's conduct only after March 14, 1988.

■ We review the Tax Court's decision that the government's position was "substantially justified" for abuse of discretion. *See Pierce v. Underwood*, 487 U.S. 552, 559–63, 108 S.Ct. 2541, 2547–49, 101 L.Ed.2d 490 (1988). Once the District Counsel entered Bertolino's case, the government settled it with reasonable dispatch. Bertolino had created much of the problem by not computing his alternative minimum tax. It was necessary for the government to inspect the earlier tax returns to reach a determination in his favor. A settlement conference by September and an agreement as to settlement by December show reasonable efforts by the government to respond to the petition. Bertolino's original return was not entirely correct; there was a deficiency. The government was justified in responding negatively to his petition and in then working out a settlement.

AFFIRMED.