19 F.3d 26
 73 A.F.T.R.2d 94-1707
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey M. COHEN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-55809.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffery M. Cohen appeals pro se the district court's denial of his request for attorney's fees pursuant to 26 U.S.C. Sec. 7430. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Section 7430 of the Internal Revenue Code provides that the prevailing party may be awarded reasonable litigation costs incurred in connection with a court proceeding against the United States for the determination or refund of a tax. 26 U.S.C. Sec. 7430(a)(2). A party is considered a "prevailing party" only if (1) the position of the United States in the proceeding was not substantially justified; (2) the party substantially prevailed with respect to the amount in controversy or with respect to the most significant issues presented; and (3) the net worth of the party in question did not exceed $2,000,000 when the proceeding was commenced. 26 U.S.C. Sec. 7430(c)(4); 28 U.S.C. Sec. 2412(d)(2)(B). Additionally, litigation costs will not be awarded unless the party has exhausted its administrative remedies with the Internal Revenue Service ("IRS") prior to commencing the action. 26 U.S.C. Sec. 7430(b)(1). A taxpayer seeking litigation costs has the burden of establishing entitlement under section 7430. Sliwa v. Commissioner, 839 F.2d 602, 609 (9th Cir.1988).
 
 
 4
 "The phrase 'substantially justified' means 'justified to a degree that could satisfy a reasonable person.' " Awmiller v. United States, 1 F.3d 930, 930 (9th Cir.1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). We review the district court's determination that the government's position was substantially justified for abuse of discretion. Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir.1991). Under the abuse of discretion standard, we will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. TKB Int'l, Inc. v. United States, 995 F.2d 1460, 1468 (9th Cir.1993).
 
 
 5
 Here, Cohen filed a suit on May 6, 1992 seeking a refund of "responsible person" penalties assessed against him pursuant to 26 U.S.C. Sec. 6672[1] for Travelmax, Inc.'s failure to pay withholding taxes for the first two quarters of 1988. On March 22, 1993, the district court granted Cohen's motion for summary judgment. Cohen subsequently filed a motion for attorney's fees pursuant to 26 U.S.C. Sec. 7430.
 
 
 6
 In opposing Cohen's motion, the IRS conceded that Cohen had substantially prevailed and had exhausted his administrative remedies. The IRS contended, however, that the position of the United States was substantially justified. The district court agreed and denied Cohen's motion on May 19, 1993. Cohen contests this finding on appeal.
 
 
 7
 A party is liable for a penalty under 26 U.S.C. Sec. 6672 if the party is (1) a "responsible person"; and (2) either willfully refuses to pay the tax or acts with reckless disregard toward whether the tax was paid. See Teel v. United States, 529 F.2d 903, 905 (9th Cir.1976).
 
 
 8
 Cohen conceded below that he was a "responsible person" within the meaning of section 6672. He contended, however, that he was not liable for section 6672 penalties because he did not willfully fail to pay the withholding taxes. The IRS argued that Cohen's failure to investigate fully whether the taxes had been paid amounted to reckless disregard. This position was based on (1) undisputed evidence that Travelmax, Inc. failed to file withholding returns for the first and second quarters of 1988; (2) the IRS's assessment of a withholding tax deficiency for the quarters in question; and (3) evidence that, prior to leaving Travelmax, Inc., Cohen's sole investigation into Travelmax's tax liabilities involved a single conversation with the corporate accountant.
 
 
 9
 Although Cohen ultimately prevailed, the district court did not err by finding that the IRS's position was substantially justified.[2] Based on the evidence available to the IRS, a reasonable person could have found that Cohen acted recklessly or was willfully ignorant of the failure to pay taxes. See Teel, 529 F.2d at 905; see also Davis v. United States, 961 F.2d 867, 874 (9th Cir.1992) (dictum).[3] Accordingly, the district court did not abuse its discretion by denying Cohen's motion for costs. See Bertolino, 930 F.2d at 761.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 6672(a) provides in pertinent part:
 any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
 26 U.S.C. Sec. 6672(a).
 
 
 [2]
 The United States ultimately conceded Cohen's refund action based on evidence submitted by Cohen that Travelmax, Inc. had paid the withholding taxes at issue. However, the fact that the government conceded the refund suit does not establish that its litigation position was not substantially justified. See Pierce, 487 U.S. at 568
 
 
 [3]
 Cohen also contends that the government's position was not substantially justified because (1) the government assessed penalties for the entire second quarter when it had knowledge that Cohen left Travelmax, Inc. midway through the second quarter; and (2) the penalties were based on tax liability estimates when the exact figures were available to the IRS. These contentions lack merit. The record indicates that there was conflicting evidence regarding the exact date of Cohen's resignation and that the actual records for the withholding taxes were not available to the IRS